**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3256
_____

WILLIAM D. BURTON III,
                                        Appellant

v.

WARDEN JAMES T. VAUGHN CORRECTIONAL CENTER;
ATTORNEY GENERAL DELAWARE
_____

On Appeal from the District Court
for the District of Delaware
(D.C. No. 1:19-cv-01475)
District Judge: Honorable Maryellen Noreika
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 1, 2024

Before: KRAUSE, PORTER, and CHUNG, *Circuit Judges*

(Filed: February 7, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**KRAUSE**, *Circuit Judge*.

William Burton appeals the District Court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Discerning no basis for habeas relief, we will affirm.

## I.    DISCUSSION[1]

Under AEDPA, we may not grant habeas relief on "any claim that was adjudicated on the merits in State court proceedings" unless the state court's decision was either "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Conversely, if the state courts did not adjudicate a claim on the merits, we review the claim de novo, *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009), which requires us to "exercise [our] independent judgment when deciding both questions of constitutional law and mixed constitutional questions," *Williams v. Taylor*, 529 U.S. 362, 400 (2000) (O'Connor, J., concurring).

Burton was convicted of various drug offenses after a search of his residence uncovered evidence that he was dealing cocaine and marijuana. His habeas petition

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because the District Court ruled on Burton's petition without an evidentiary hearing, "we review the state courts' determinations under the same standard that the District Court was required to apply." *Thomas v. Horn*, 570 F.3d 105, 113 (3d Cir. 2009).

claims that he is entitled to relief because the Delaware Supreme Court's rejection of his ineffective assistance of counsel claim (A) was based on an unreasonable factual determination that Burton knowingly consented to stipulate to certain pieces of evidence; (B) erroneously failed to apply the Supreme Court's holding in *McCoy v. Louisiana*, 584 U.S. 414 (2018); and (C) was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). None of these contentions is persuasive.

## A.     The State Court's Factual Determinations

The Delaware Supreme Court's conclusion that Burton "knowingly, intelligently, and voluntarily agreed to stipulate to the State's drug evidence" was not based on an unreasonable factual determination. *Burton v. State*, No. 287, 2018 WL 6824636, at *2 (Del. Dec. 26, 2018). A state court decision is based on "an unreasonable determination of the facts," 28 US.C. § 2254(d)(2), only when the court's factual findings are "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(d)(2)). The state court's factual findings are "presumed correct," and a habeas petitioner bears the burden of rebutting this presumption by "clear and convincing evidence to the contrary." *Id.*

Burton has not carried that heavy burden. On the contrary, the record amply supports the state court's finding that Burton consented to his counsel's stipulation. For example, before Burton's trial started, his counsel represented to the trial court that he "met with [Burton] on two occasions and discussed with him the nature of a stipulated trial." App. 99. Burton did not object or contradict this representation in any way. And

3

although Burton now asserts that his counsel never discussed the stipulation with him prior to trial, his counsel advised the court in a sworn affidavit that it was his regular practice to do so with his clients. The state court was entitled to credit counsel's recollection, as well as his contemporaneous statement at trial, over Burton's unsubstantiated assertion years after the fact. *See, e.g.*, *Campbell v. Vaughn*, 209 F.3d 280, 291 (3d Cir. 2000) (concluding that the state court did not make an unreasonable determination of facts because "[a] reasonable fact-finder could discount [Petitioner's] testimony and credit his trial counsel's").

## B. Structural Error under *McCoy*

The Delaware Supreme Court did not address Burton's argument that his ineffective assistance of counsel claim should be assessed under *McCoy*, rather than *Strickland*. Accordingly, we review the claim de novo. *See Lewis*, 581 F.3d at 100. Burton's contention that the state court's decision was contrary to *McCoy* rests on a shaky foundation to begin with. Because *McCoy* was decided after Burton's conviction became final in 2016, it can only be applied retroactively on collateral review if *McCoy* established a "[n]ew substantive rule[]" of constitutional law or announced a new "watershed rule[] of criminal procedure." *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004) (cleaned up).

Moreover, the Supreme Court has observed not only that the "watershed rule[] of criminal procedure" exception is "extremely narrow," *id.* at 352 (internal citations and quotation marks omitted), but that "no new rules of criminal procedure can satisfy the watershed exception," *Edwards v. Vannoy*, 141 S. Ct. 1547, 1559 (2021). For that

reason, two Courts of Appeals have recently concluded that *McCoy* did not establish a watershed rule. *See Smith v. Stein*, 982 F.3d 229, 234–35 (4th Cir. 2020); *Christian v. Thomas*, 982 F.3d 1215, 1223–25 (9th Cir. 2020). We have not yet addressed that issue, but we need not do so here because *McCoy* would not afford Burton relief even if it could be applied retroactively to his case.

Burton argues that "the District Court unreasonably, and in contradiction of clearly established federal law, assessed Mr. Burton's claim [as] a standard ineffective assistance of counsel claim under *Strickland* rather than as a violation of autonomy claim under *McCoy*." Opening Br. 25 (internal quotation marks omitted). But this contention glosses over the narrow holding in *McCoy*, which established there was structural error where counsel admitted his client's guilt to the jury over the client's vociferous objections and insistence that he was innocent. 584 U.S. at 423–24, 426–28. In view of that structural error, the Supreme Court concluded that the petitioner did not need to demonstrate prejudice under the traditional *Strickland* standard. *Id.* at 426–28.

The circumstances of Burton's case are materially different in two respects. First, Burton's counsel stipulated to certain incriminating evidence; he did not make a whole-sale admission of guilt. *See United States v. Wilson*, 960 F.3d 136, 143 (3d Cir. 2020) (noting that the *McCoy* Court did not clearly establish what kinds of concessions count as "conceding guilt"). Second, there is no evidence that Burton ever objected to the stipulation, even when his counsel represented to the trial court that the two had discussed the strategy and agreed to stipulate to the State's evidence. Importantly for our purposes, in the absence of such an objection, counsel's stipulation could not constitute a

5

structural error, and thus did not foreclose the need for Burton to establish prejudice from his counsel's alleged ineffective assistance. *See Florida v. Nixon*, 543 U.S. 175, 192 (2004).

In view of the material differences between *McCoy* and the claims presented here, the Delaware Supreme Court did not err in applying *Strickland*, rather than *McCoy*, to Burton's ineffective assistance of counsel claim.

### C.   Ineffective Assistance of Counsel under *Strickland*

Finally, the Delaware Supreme Court did not unreasonably apply *Strickland* in denying Burton's ineffective assistance of counsel claim. A state court decision is "an unreasonable application of" clearly established federal law if the court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08.

To prevail on his *Strickland* claim before the Delaware Supreme Court, Burton had to show (1) that his counsel's performance at trial or on appeal fell below "an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and (2) that he was prejudiced by counsel's inadequate performance, meaning that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Burton's claim comes to us on collateral review, our analysis of that claim is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (internal citation and quotation marks omitted). We must presume both that counsel's conduct fell "within the 'wide range' of reasonable professional assistance," and that the state court reasonably determined that counsel was not

6

ineffective.  *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689).

Burton has not overcome this presumption.  As the Delaware Supreme Court explained, he cannot show prejudice because, even putting the stipulation aside, the State introduced "overwhelming" admissible evidence of Burton's guilt.  *Burton*, 2018 WL 6824636, at *2.  That evidence included 28.45 grams of cocaine and .93 grams of marijuana, various drug paraphernalia discovered in Burton's room, and a medical examiner's report confirming that the substances recovered from Burton's residence were marijuana and cocaine.  Based on this evidence, a reasonable factfinder could have inferred that Burton was distributing the cocaine.  *See United States v. Rodriguez*, 961 F.2d 1089, 1092 (3d Cir. 1992) (explaining that "[w]hen a defendant is found in possession of a sufficiently large quantity of drugs, an intent to distribute may logically be inferred from the quantity of drugs alone").

## II.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's denial of Burton's habeas petition.